NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0036n.06
Filed: January 9, 2008

No. 07-3322

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| KUNAL SAHA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| OHIO STATE UNIVERSITY; COLUMBUS | ) | |
| CHILDREN'S HOSPITAL RESEARCH | ) | ON APPEAL FROM THE UNITED |
| INSTITUTE; PHILLIP JOHNSON, Columbus | ) | STATES DISTRICT COURT FOR THE |
| Children's Hospital Research Institute; | ) | SOUTHERN DISTRICT OF OHIO |
| THOMAS HANSEN, Chair, Pediatrics | ) | |
| Department, College of Medicine, The Ohio | ) | |
| State University; FREDERICK SAN FILIPPO, | ) | |
| Dean, College of Medicine, The Ohio State | ) | |
| University; CAROLE ANDERSON, Vice- | ) | |
| Provost, The Ohio State University, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before: DAUGHTREY, GILMAN, and COOK, Circuit Judges.

COOK, Circuit Judge. Kunal Saha appeals the district court's judgment granting motions to dismiss by the various defendants. Having had the benefit of oral argument, and having studied the record on appeal and the parties' appellate briefs, we are not persuaded that the district court erred. And because we agree with the thorough analysis articulated by the district court, issuing a detailed opinion of this court would be duplicative and serve no useful purpose. Accordingly, we affirm the district court's judgment and adopt the reasoning of its opinion with one exception. In

those instances where the district court determined that Saha failed to allege a constitutionally viable claim, this court dismisses on that ground rather than looking to qualified immunity.[1]

We also respond to Saha's criticism of the district court's opinion for failing to address his claims for injunctive relief. We find no fault with the district court's opinion in this regard for two reasons: 1) each count of the amended complaint asked only for money damages; and 2) even had Saha properly pled a claim for injunctive relief, it is unavailable when the underlying claims are properly dismissed.

We accordingly affirm.

---

[1]*Marvin v. City of Taylor*, No. 06-2008, ___ F.3d ___, 2007 U.S. App. LEXIS 27950, at *24 (6th Cir. Dec. 4, 2007) ("If there is no constitutional violation, then the plaintiff's § 1983 claim fails as a matter of law and the defendant is therefore entitled to summary judgment and does not need qualified immunity." (citing *Scott v. Harris*, 127 S. Ct. 1769, 1780 (2007) (Breyer, J., concurring) (acknowledging *Saucier*'s requirement "that lower courts must first decide the 'constitutional question' before they turn to the 'qualified immunity question.'"))).